CASE 123—ACTION BY OTTO WILLIS AGAINST THE MAYSVILLE & B. S. R. R. Co., &c., FOR DAMAGES FOR PERSONAL INJURIES.—FEB. 28.

# Willis v. Maysville & B. S. R. R. Co., &c.

APPEAL FROM GREENUP CIRCUIT COURT—JAMES P. HARBESON, CIRCUIT JUDGE.

JUDGMENT FOR DEFENDANT. PLAINTIFF APPEALS. REVERSED.

RAILROADS—NEGLIGENCE—ACT OF BRAKEMAN—SCOPE OF AUTHORITY—QUESTION FOR JURY.

1. Where a boy, standing in a street, was injured by being struck with a piece of ice kicked by a brakeman from the platform of a passing caboose the boy was not guilty of contributory negligence because of his position near the train.

2. Where a boy was injured by being struck with a piece of ice kicked by a brakeman from the platform of a passing caboose, it was not necessary, in an action against the railroad for the injury, to show that the master knew of the placing of the ice on the car, or that it was thrown from the train with his knowledge or by his direction, but a reasonable inference that the servant was within the scope of his authority was sufficient.

3. Where a boy was injured by being struck with a piece of ice kicked by a brakeman from the platform of a passing caboose, HELD, that the question whether the brakeman was acting within the scope of his authority was for the jury.

A. D. COLE AND W. T. COLE, ATTORNEYS FOR APPELLANT.

1. We contend that under the allegations of the petition, "that defendant's servants and agents carelessly, negligently and wantonly, while acting within the scope of their authority, struck appellant with a lump of ice thereby seriously injuring him," that if the court could not say as a matter of law that the act of defendant's agent in removing the ice which obstructed him in the performance of his duties, was an act within the scope of his employment, then that question should have been submitted by the court to the jury.

### AUTHORITIES CITED.

Smith v. L. & N. R. R. Co., 22 R., 72; Williams' Adm'r. v. Southern Ry. Co., 74 S. W., 781; Corregan v. Union Sugar Refinery, 98 Mass., 577 (96 Am. Dec., 685); Galagher v. Humphrey, 6 L. T. N. S., 684; Sullivan v. Waters, 14 R. G. L., 474; Inderman v. Dames, L. R., 1 Com. P., 274; Byrne v. Beadle, 2 Hurl, &c., 722; Stewart v. Harvard College, 12 Allen, 67; Snow v. Pittsburg R. R. Co., 136 Mass., 552; 18 A. & E. R. R. Cases, 1011; Williams v. L. & N. R. R. Co., 98 Ky., 251.

W. H. WADSWORTH, FOR APPELLEES.
WORTHINGTON & COCHRAN, OF COUNSEL.

### CLASSIFICATION OF POINTS AND AUTHORITIES.

1. There was no pleading to justify the submission of the case to the jury.

2. Appellees owed appellant no duty to see him at the time and place and under the circumstances of the accident. Brown's Adm'r. v. L. & N., 97 Ky., 228.

3. Appellant was guilty of contributory negligence as a mat-

ter of law, there being no room for difference of opinion as to the recklessness of his act. The court should have taken the case from the jury on that ground. Buck, &c., v. Grant, &c., 61 S. W., 363.

. 4. The question as to the scope of authority was for the jury. Smith, by etc., v. L. & N., 95 Ky., 11.

The court had no right to speculate about it any more than the jury would. Hughes v. R. R. Co., 91 Ky., 526; Wintuska's Admr. v. R. R. Co., 20 S. W., 819; Louisville Gas Co. v. Kaufman, 105 Ky., 131.

The court's finding as to scope of authority should not be desirable unless palpably wrong. As there was no proof that the brakeman was acting within the scope of his authority, the peremptory instruction was given. Sullivan v. L. & N., 74 S. W., 171; L. & N. v. Routt, 76 S. W., 513.

OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING.

Ottis Willis, a boy thirteen years of age, was standing on a street in the town of Greenup, near the track of the appellee where it crosses the street, and while so standing one of appellee's freight train passed over the track, and as the rear of the caboose reached the point opposite where Willis stood a brakeman on the train kicked a cake of ice weighing about twenty pounds from the platform of the caboose, which struck the boy near the heart, from the effects of which it is claimed he sustained a serious injury and endured much pain. The boy was standing quite near the track at the time the injury was received. The street was used by the public as such streets are usually used in towns of that size. The court gave a peremptory instruction to the jury to find for the appellee.

It is contended that the court properly gave the instruction, because (1) the appellee did not owe appellant any. duty at the time and place and under the circumstances of his injury; (2) his contributory negligence was the sole cause of the accident; (3) that there was no evidence upon

which to base the claim that the brakeman at the time of the injury was acting within the scope of his authority.

The boy, in common with the public, had the right to use the street. Under the law as enunciated by this court, there is a duty imposed upon those operating trains through towns to keep a lookout for persons upon streets, and especially at street crossings. It certainly would be negligence in a railroad company to have its agents and servants throwing substances from trains into the streets as it passes along or across them. If the agents or servants do so by the authority of the master, and an injury is inflicted on persons using the street, it would be actionable wrong. It is the duty of railroad companies to exercise proper care, so as to avoid injuring persons on streets of towns over which they pass. A failure to observe such care is certainly a breach of duty.

It is urged that the boy was guilty of contributory negligence because of his position near the train. We fail to see any negligence in the boy standing in the street at a point where there was no danger of being struck by the train. He was not required to anticipate that persons connected with the train would throw large lumps of ice from it as it passed across the street, so we are unable to see wherein Willis was guilty of negligence. Had he been close enough to the train to have been struck by the cars as they passed, then it could be urged that he was guilty of negligence, and except for which the accident would not have happened.

The last and most serious question to be considered is, was there evidence from which the court and jury might infer that the act of which complaint is made was done within the scope of the authority of the brakeman? The law is too well settled to require any discussion or citation of authorities that, where a servant assaults one while not in the per-

formance of a duty imposed upon him by his employment, or who inflicts an injury upon another when not acting within the scope of his authority, the master is not responsible. If a conductor or brakeman on a train, while passing over the track, should fire a gun at some one standing upon the street or in a field, and inflicts an injury upon the person, the railroad company could not be held responsible. If he should leave his train, and wilfully assault one with a bludgeon, the master could not be held responsible for that act, because he would be acting entirely without the scope of his employment. If a servant on a train, acting within the scope of his authority, rightfully attempts to eject a person from it, the master is liable if any injury is inflicted upon such one, if it is done by the use of excessive force, or under circumstances as to time and place which render the act wrongful. Whilst the master has only authorized the use of proper force to make the ejection, at a proper time and place, still the master is responsible if an injury is inflicted by the use of excessive force, or at an improper time or place, because the servant was acting within the scope of his authority. The question recurs as to whether the court can infer from the evidence that the servant was acting within the scope of his authority. The brakeman was on a freight train. It is a matter of common knowledge that property is transported on freight trains. The evidence excludes the idea that the brakeman intentionally hurled the cake of ice from the train to injure the boy. It is possible that the ice was being carried for or without compensation, and, as an easy means to discharge it, it was thrown from the train at its destination. It was not essential for the plaintiff to make out his case to prove that the lump of ice was placed upon the car with the knowledge of the master, or that it was thrown from the train with

his knowledge, or by his direction. The case is sufficiently made out if a reasonable inference might be drawn from the facts that the servant was acting within the scope of his authority. We shall not anticipate the defense or prejudge the question that may hereafter arise, but we are of the opinion that the evidence was sufficient to warrant the submission of the case to the jury.

The judgment is reversed for proceedings consistent with this opinion.